ing such value; but, in order to fix the value of the deficient land at the time of the sale, we must deduct from the purchase price the reasonable value of the farm buildings at that time.

The defendants' witnesses fixed the value of the buildings at the time of the sale at the sum of $12,458.10. The plaintiff's witness Waite estimated the cost of reproducing the buildings at the present time at $8,000, and then testified that the cost of labor and materials is 40 per cent. more now than 30 or 40 years ago, and makes no deduction for the depreciation. The main buildings are 40 or more years old, and, allowing for depreciation, I think that the sum of $6,000 is a fair amount to deduct from the purchase price for the value of the buildings.

The plaintiff paid $21,000 for the whole premises, supposed to be 100 acres. Deducting from that amount the sum of $6,000 for the buildings, leaves $15,000 as the value of the land, or $150 per acre. The plaintiff is short 33½ acres, and is therefore entitled to a credit of $5,020 on the purchase-money mortgage.

Submit findings in accordance herewith.

---

(128 App. Div. 130.)

### KING v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

1. CARRIERS—TRANSPORTATION OF PASSENGERS—CONTINUOUS RIDE.

Railroad Law (Laws 1890, p. 1113, c. 565) § 101, provides that no corporation operating a street surface railroad under such act, or under Laws 1884, p. 309, c. 252, shall charge more than five cents for one continuous ride from any point on its road, or on any line or branch operated by it or under its control, to any other point thereof or any connecting branch thereof, within the limits of any incorporated village or city. *Held*, that such section does not provide for a change by a passenger from one line to another, but only for a continuous ride on the same car.

2. SAME—TRANSFERS.

Railroad Law (Laws 1890, p. 1114, c. 565) § 104, provides ·that any street surface railroad corporation which acquires the use of the roads of other companies·by a contract shall carry between any two points on the railroads, or portions thereof, embraced in such contract, any passenger desiring to make one continuous trip between any such points for a single fare, and on demand, without extra fare, shall give to each passenger paying a fare a transfer entitling him to one continuous trip to any point or portion of any railroad embraced in such contract, etc. *Held*, that the section relates only to a continuous trip made by change from the line of one of such companies to that of another, both lines being operated by one company under a lease or other contract, and does not apply to different lines owned by the same company.

3 SAME—FARES—REGULATION.

A street railway company, which voluntarily gives a passenger a transfer from one line to another, when legally entitled to the payment of another fare on the second line, is not, because of the exaction of another fare on the second line, liable to the penalty provided by Railroad Law (Laws 1890, p. 1096, c. 565) § 39, declaring that any railroad which shall ask or receive more than the lawful rate of fare, unless by inadvertence or mistake not amounting to gross negligence, shall forfeit $50 to the party aggrieved.

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Henry A. King against the Nassau Electric Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

A. M. Williams, for appellant.

Fullerton Wells, for respondent.

JENKS, J. The plaintiff became a passenger on one of the defendant's street surface cars, and upon request was given a transfer ticket. He was carried to a point where another line of the defendant intersected. The two lines ran along separate streets and in different directions. He entered a car of the second line, and when he offered the said transfer ticket for his fare it was refused, and he was compelled to pay a 5-cent fare. He has recovered $50 as a penalty, and 5 cents excess fare. It appears that the said lines were owned by the defendant and that neither was operated under a lease. The judgment cannot be upheld under section 101 of the railroad law (Laws 1890, p. 1113, c. 565), for the plaintiff was not seeking a continuous ride or a continuous passage under section 101 of the railroad law; nor did he show that the defendant was within the purview of section 104 thereof. O'Connor v. Brooklyn Heights R. R. Co., 123 App. Div. 784, 108 N. Y. Supp. 471.

It is quite true that the defendant issued a transfer which purported to be valid on the second line; but it does not appear from the record, but the contrary, that it was legally required to do so. If it was not thus required, but could legally require the payment of a 5-cent fare on the second line, then it neither asked nor received more than the lawful rate of fare for the passage upon its second line, and hence it is not subject to an action for the penalty prescribed by section 39 of the railroad law. Its liability, if any, for its voluntary issue of a transfer which it represented as valid upon the second line, its subsequent refusal to accept it upon that line, and its exaction of a fare, presents a question not involved in this action.

The judgment is reversed, and a new trial ordered; costs to abide the event. All concur.